**McGuireWoods LLP**
Sabrina A. Beldner (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Ashley R. Li (SBN 317305)
    Email: ali@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone: 310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant
BEAVEX INCORPORATED

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KRIVOLAVEK, an individual; KOSAL PECH, an individual; PATRICIA GUTIERREZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>BEAVEX INCORPORATED; DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:18-cv-01416-LJO-SKO<br><br>**STATUS REPORT OF DEFENDANT'S PENDING BANKRUPTCY PROCEEDINGS PURSUANT TO DOCKET ENTRY NO. 12** |

BeavEx Incorporated (the "Defendant"), files this Status Report of Defendant's Pending Bankruptcy Proceedings Pursuant to Docket No. 12, entered by the United States District Court for the Eastern District of California (this "Court"), ordering the Defendant to file a status report not later than April 20, 2020. In accordance with this Court's order, the Defendant states as follows:

# BACKGROUND

On February 21, 2019, the Defendant filed a Notice of Stay of Proceedings – Bankruptcy Filing by Defendant (the "Notice") (Doc. No. 9) in this action before this Court (this "Action"). The Notice advised this Court, as well as Plaintiffs William Krivolavek, Kosal Pech, and Patricia Gutierrez (the "Plaintiffs"), that the Defendant had filed a voluntary petition for non-individuals filing for bankruptcy (the "Bankruptcy Petition"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at Case No. 19-10318, on February 18, 2019 (the "Petition Date"). Due to the filing of the Bankruptcy Petition, and pursuant to 11 U.S.C. § 362(a), the Action against the Defendant (hereafter referred to as the "Debtor"),[1] was, and remains, stayed as a matter of law. Accordingly, this Court stayed this Action on August 1, 2019, pursuant to 11 U.S.C. § 362(a). (Doc. No. 10).

# PROCEEDINGS BEFORE THE BANKRUPTCY COURT

Just days prior to the Petition Date, on or about February 14, 2019, the Debtors entered into that certain asset purchase agreement by and between TForce Final Mile, LLC, TForce Final Mile West, LLC and TForce Logistics, LLC (collectively, "TFI," or the "Buyers"), and BeavEx Inc., JNJW Enterprises, Inc., and USXP, LLC, as sellers, dated February 14, 2019 (the "TFI APA") for the sale of substantially all of their assets. The TFI APA, among other things, provided for a cash purchase price of approximately $7.2 million, plus the assumption of certain liabilities.

---

[1] BeavEx Holding Corporation (the "Parent" or "BeavEx Holding") is a Delaware corporation and the direct parent of BeavEx Acquisition, Inc. ("BeavEx Acquisition"), a Delaware corporation. BeavEx Acquisition is the direct parent of BeavEx Incorporated, a Connecticut corporation. BeavEx Incorporated is the direct parent of (i) JNJW, a California corporation and (ii) USXP, a Delaware limited liability company (together, the "Debtors"), each filed separate voluntary petitions on the Petition Date. The same day, the Debtors filed a *Motion for an Order, Pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, Authorizing the Joint Administration of the Debtors' Chapter 11 Cases* ("Joint Administration Motion"). (Bankr. Doc. No. 3). The Bankruptcy Court granted the relief sought through the Joint Administration Motion on February 21, 2019. (Bankr. Doc. No. 42). As a result, the Debtor's bankruptcy case is hereafter referenced as one among the "the Chapter 11 Cases."

129966492.1

1

STATUS REPORT – DEFENDANT'S BANKRUPTCY PROCEEDINGS

Accordingly, on the Petition Date, the Debtors also filed a motion for the entry of orders seeking, among other things: (i) approval of certain bidding and auction procedures for the sale of all or substantially all of the Debtors' assets (or any subset(s) thereof), and (ii) approval of the the sale of certain of the Debtors' assets to TFI, or any other bidder that may prove successful. (Bankr. Doc. No. 13). At that time, the Debtors were indebted to its DIP Lender (defined *infra*) for approximately $38,931,635.63. (*See* Bankr. Doc. 2).

On March 11, 2019, the Bankruptcy Court entered an order (the "OCP Order") granting relief sought by the Debtors through their *Motion for Entry of an Order, Pursuant to Sections 105(A), 327, 328, and 330 of the Bankruptcy Code, Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business.* (Bankr. Doc. Nos. 76 & 129). In accordance with the OCP Order, McGuireWoods LLP ("McGuireWoods") filed a Declaration of Disinterestedness in compliance on March 25, 2019. (Bankr. Doc. No. 168). No objections were filed before, or as of, April 8, 2019—the deadline to oppose the continued engagement of McGuireWoods as counsel for the Debtor in this Action. Nothing on the docket indicates the Debtors and/or the Trustee (defined *infra*) complied with the OCP Order.

On March 14, 2019, the Bankruptcy Court entered a bid procedures order that, among other things, approved certain bidding and auction procedures and scheduled a final hearing regarding the proposed sale for April 16, 2019 (the "Sale Hearing"). (Bankr. Doc. 151). At the conclusion of the Sale Hearing, the Bankruptcy Court entered (i) an order authorizing the sale (the "TFI Sale") of certain of the Debtors' assets to TFI (Bankr. Doc. No. 241) (the "TFI Sale Order") and (ii) an order authorizing the sale (the "Tiger Sale," together with the TFI Sale, the "Sales") of certain of the Debtors' accounts receivable to Tiger Capital Group, LLC (Bankr. Doc. No. 242) (the "Tiger Sale Order" together with the TFI Sale Order, the "Sale Orders"). The TFI Sale closed on April 27, 2019, and the Tiger Sale closed on April 29, 2019. According to the TFI APA, *see* Doc. 241-1, as approved

by the Bankruptcy Court, this Action was considered one of several "Excluded Liabilities," and, therefore, was not assigned to the Buyers.

Following subsequent discussions among the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the debtor-in-possession lender (the "DIP Lender"),[2] these parties reached a global settlement agreement (the "Settlement Agreement") that, among other things, resolved all the Committee's informal objections of the Sales and provided for the conversion of the Chapter 11 Cases to cases under chapter 7 at the conclusion of the wind-down of the Debtors' business operations and the liquidation of the remaining collateral with the consent of the DIP Lender[3] (all in accordance with an approved wind-down budget (the "Wind-Down Budget")). The Wind-Down Budget, set forth the funding of certain administrative expenses of the Chapter 11 Cases through July 2019. The listed expenses include the payment of fees pursuant to 28 U.S.C. § 1930 (bankruptcy fees) as well as fees and expenses previously budgeted for professionals retained in the Chapter 11 Cases.

The Settlement Agreement also provided that the Debtors would ensure the estates' operating account would be funded with $500,000 upon conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code (funds which the DIP Lender agreed could be left for the estates and made available to the chapter 7 trustee for administration of the converted estates). On April 24, 2019, the Debtors filed a motion seeking entry of an order approving the Settlement Agreement. (Bankr. Doc. No. 250). On May 15, 2019, the Bankruptcy Court entered an order approving of the Settlement Agreement (the "Settlement"). (Bankr. Doc. No. 300).

---

[2] EOS Partners, L.P., a Delaware limited partnership ("EOS Partners") and ECP Helios Partners IV, L.P., a Delaware limited partnership ("ECP IV," together with EOS Partners and their respective successors and assigns).

[3] EOS Partners, L.P. and ECP Helios IV, L.P. (as successor-in-interest to EOS Capital Partners IV, L.P.) (together, with each of their affiliates in all capacities, the "EOS Parties").

On May 23, 2019, the Bankruptcy Court entered its *Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452*, through which the Debtors were granted an extension of the period within which to remove actions pursuant to 28 U.S.C. § 1452 (removal of claims related to bankruptcy) through and including August 19, 2019 (the "Removal Order") (Bankr. Doc. No. 309).

Shortly after entry of the Removal Order, and in accordance with the Settlement, the Debtors substantially completed the wind-down of their estates and liquidated much of the then-remaining collateral with the consent of the DIP Lender. The Debtors, Committee, and DIP Lender then agreed to convert the Chapter 11 Cases to cases under chapter 7 (the "Chapter 7 Cases"). As a result, on June 26, 2019, the Debtors filed a *Motion for Entry of an Order (I) Converting their Chapter 11 Cases to Cases under Chapter 7 and (II) Granting Related Relief* ("Motion to Convert") (Bankr. Doc. No. 355).

Effective upon entry of the Conversion Order, the Debtors were to ensure the $500,000 of remaining collateral from the Debtors' assets remained in the Debtors' operating account as funds that would BE available to administer the Debtors' chapter 7 estates. On July 23, 2019, the date on which the Bankruptcy Court entered the Conversion Order, George L. Miller was appointed the chapter 7 trustee (the "Trustee") for the Debtors' estates. (*See* Bankr. Doc. Nos. 398-99).[4]

On August 5, 2019, BeavEx Holding Corporation entered its *Notice of Filing of Schedule of Unpaid Debts* (the "Debt Schedule") on the bankruptcy docket, providing notice of post-petition debts,[5] which remained—as of that date—unpaid and totaling $309,845.14. (Bankr. Doc. No. 410).

---

[4] On August 5, 2019, the Trustee filed an *Application/Motion to Employ/Retain Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* (Bankr. Doc. No. 407) and an *Application/Motion to Employ/Retain Bielli & Klauder, LLC as Counsel to the Chapter 7 Trustee* (Bankr. Doc. No. 408). On August 26, 2019, the Bankruptcy Court entered orders approving the aforementioned applications *nunc pro tunc* to July 23, 2019, and July 26, 2019, respectively. (Bankr. Doc. Nos. 426-27).

[5] Post-petition debts and/or expenses receive priority through the payment scheme established by the Bankruptcy Code.

129966492.1

4

STATUS REPORT – DEFENDANT'S BANKRUPTCY PROCEEDINGS

The Debt Schedule does not reference any expense related to this Action. Neither the Debtors nor the Trustee sought to remove this Action to the Bankruptcy Court nor did the Debtors or Trustee seek an extension of the period within which to remove bankruptcy-related claims to the Bankruptcy Court.[6] Also on August 5, 2019, the Trustee filed an *Application/Motion to Employ/Retain Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* (Bankr. Doc. No. 407) and an *Application/Motion to Employ/Retain Bielli & Klauder, LLC as Counsel to the Chapter 7 Trustee* (Bankr. Doc. No. 408). On August 26, 2019, the Bankruptcy Court entered orders approving the aforementioned applications *nunc pro tunc* to July 23, 2019, and July 26, 2019, respectively. (Bankr. Doc. Nos. 426-27).

On October 24, 2019, the Trustee filed a *Motion for Entry of an Order Authorizing Abandonment of Certain Books and Records of the Debtors* ("Motion to Abandon") (Bankr. Doc. No. 453). Through the Motion to Abandon, the Trustee alleged that the Debtors' computers contained substantially all financial records necessary *to prosecute chapter any 5 claims* (without reference to any other litigation). Upon reviewing the Debtors' "Paper Records," and discussing the contents of the same with the Debtors' with prior management, the Trustee concluded the Paper Records were of no value or benefit to administrating the remainder of Chapter 7 Cases. On November 5, 2019, the Bankruptcy Court entered an order granting the relief sought by the Trustee through the Motion to Abandon. (Bankr. Doc. No. 458).

## CURRENT STATUS

Considering the ongoing nature of the automatic stay, the matters presented to the Bankruptcy Court, including, *inter alia*, the sale of substantially all of the Debtors' assets pursuant to sections 363 and 365 of the Bankruptcy Code; the conversion of the Chapter 11 Cases to those

---

[6] This Action constitutes a bankruptcy-related claim that could have been removed to and heard by the Bankruptcy Court through an adversary proceeding.

under chapter 7; the significant remaining indebtedness owed to the DIP Lender; the Debtors' and Trustee's lack of interest in this Action' the nominal amount of funding available to the Trustee for completing the administration of the Debtors' chapter 7 estates; and the Trustee's interest in chapter 5 causes of action, it is highly unlikely the Trustee intends to permit McGuireWoods to continue as counsel for the Debtor in this Action.

Therefore, the Debtor—as Defendant to this Action—informs this Court that, prior to the next deadline requiring a status report on the Chapter 7 Cases, McGuireWoods expects it will submit the necessary motions to withdraw as counsel for Defendant BeavEx Incorporated.

DATED: April 20, 2020				McGuireWoods LLP


					By:	/s/ Sabrina A. Beldner
						Sabrina A. Beldner, Esq.
						Ashley R. Li, Esq.
						Attorneys for Defendant
						BEAVEX INCORPORATED

# CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 20, 2020, at Los Angeles, California.


        /s/ Sabrina A. Beldner
        SABRINA A. BELDNER