# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KRIVOLAVEK, et al., | Case No. 1:18-cv-01416-NONE-SKO |
| Plaintiffs, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | (Doc. 16) |
| BEAVEX INCORPORATED, | |
| Defendant. | |

On September 14, 2021, Sabrina A. Beldner, Esq. ("Attorney Beldner") of McGuireWoods LLP ("McGuireWoods") filed a motion to withdraw as counsel for Defendant BeavEx Incorporated ("Defendant"). (Doc. 16.) No oppositions to the motion were filed. (*See* Docket.) After having reviewed the motion and all supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for October 20, 2021, was vacated. (Doc. 17.) For the reasons set forth below, Attorney Beldner's motion to withdraw will be granted.

## I. BACKGROUND

On September 14, 2018, Plaintiffs William Krivolavek, Kosal Pech, and Patricia Gutierrez (collectively, "Plaintiffs") initiated this wage-and-hour action in the Superior Court of the State of California for the County of Fresno. (Doc. 1 at 11–30.)[1] Defendant removed the action to this Court on October 11, 2018, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1.) In the

---
[1] Citations in Doc. 1 are to the ECF pagination.

operative complaint, Plaintiffs allege that they were employed by Defendant as delivery drivers, and Defendant failed to comply with California wage-and-hour laws in the course of its employment of Plaintiffs. (Doc. 1 at 11–30.)

On February 21, 2019, Defendant filed a "Notice of Stay of Proceedings – Bankruptcy Filing by Defendant" (the "Notice"), advising the Court and Plaintiffs that Defendant had filed a voluntary petition for non-individuals filing for bankruptcy (the "Bankruptcy Petition") under Chapter 11 of the United States Bankruptcy Code, in Case No. 19-10318 (LSS), on February 18, 2019, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). (Doc. 9.) Defendant's parent company, BeavEx Acquisition, Inc., and grandparent company, BeavEx Holding Corporation, in addition to Defendant's subsidiaries, JNJX Enterprises, Inc., and USXP, LLC (collectively, "Debtors"), filed separate voluntary Chapter 11 petitions on the same date. (*See* Doc. 16 at 3 n.1.)[2] On that same date, Debtors also filed a motion for an order authorizing the joint administration of their Chapter 11 cases, which the Bankruptcy Court granted on February 21, 2019. (*See id.*; *see also In re BeavEx Holding Corporation*, No. 19-10316 (LSS), Docs. 3, 42 (Bankr. Del. 2019).)

On March 25, 2019, McGuireWoods filed a Declaration of Disinterestedness, indicating, among other things, that Debtors had retained McGuireWoods to provide legal services in their Chapter 11 cases and "the continuation of ongoing litigation matters including, but not limited to, allegations of unlawful and unfair business practices, before the Superior Court of the State of California, captioned *Krivolavek et al. v. BeavEx Inc.,* et al. [sic], Case No. 18CECG03430." (Bankr. Doc. 168 at 4–5.)[3]

The Bankruptcy Court oversaw the sale of Debtors' assets to other entities, and, on July 23, 2019, the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code pursuant to an agreement between the parties involved in the sale. (*See* Doc. 16 at 3–5; Bankr. Doc. 398.) The Bankruptcy Court appointed George L. Miller as the Chapter 7 trustee ("Trustee Miller") for Debtors' estates. (*See* Doc. 16 at 5; Bankr. Doc. 399.)

---

[2] Citations to Doc. 16 are to the pagination generated by the PDF viewer.
[3] This refers to the docket in *In re BeavEx Holding Corporation*, No. 19-10316 (LSS) (Bankr. Del. 2019).

In view of the filing of the Bankruptcy Petition, the Court issued a minute order on August 1, 2019, staying this action pursuant to 11 U.S.C. § 362(a) and ordering Defendant to file a status report advising the Court of the status of the bankruptcy proceedings within 90 days, and every 90 days thereafter. (Doc. 10.) On June 18, 2021, Defendant filed a status report advising the Court that bankruptcy proceedings were ongoing under the purview of Trustee Miller, who "ha[d] not retained McGuireWoods in connection with this or any other matter, and therefore, McGuireWoods intend[ed] to withdraw." (Doc. 15.)

On August 12, 2021, McGuireWoods and Trustee Miller filed a "Stipulation and Agreement Between Chapter 7 Trustee and McGuireWoods LLP Regarding Litigation Before United States District Court for Eastern District of California" (the "Stipulation") with the Bankruptcy Court. (Doc. 16 at 13–18; Bankr. Doc. 571.) The Stipulation provides, in relevant part:

> 3. . . .Trustee [Miller] will not engage, nor does he intend to engage, McGuireWoods as counsel for Defendant-Debtor [BeavEx Incorporated] in the California Action [Case No. 1:18-cv-01416-LJO-SKO (E.D. Cal. 2018)].
>
> 4. McGuire Woods Will file a motion to withdraw as counsel for Defendant-Debtor in the California Action . . . .
>
> [¶] . . .[¶]
>
> 6. This Stipulation constitutes the entire agreement and supersedes any other prior agreements and understandings, either written or oral, between the Parties [McGuireWoods and Trustee Miller] with respect to the subject matter hereof and, except as otherwise expressly provided herein.

(Doc. 16 at 16–17; Bankr. Doc. 571 at 4–5.)

On September 14, 2021, Attorney Beldner filed the instant motion to withdraw. (Doc. 16.)

## II.   DISCUSSION

Attorney Beldner of McGuireWoods has been the attorney of record for Defendant since the action was filed in state court. (*See* Doc. 1 at 10.) She moves to withdraw as counsel for Defendant because Trustee Miller, in his capacity as the representative for Defendant, has expressly stated that he "will not engage, nor does he intend to engage, McGuireWoods as counsel" for Defendant in the instant action, as memorialized in the Stipulation filed with the Bankruptcy Court on August 12, 2021. (Doc. 16 at 8; Bankr. Doc. 571 at 4.) For the reasons explained below, the motion to withdraw will be granted.

3

### A. Legal Standard

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Irwin v. Mascott*, No. C 97-4737, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004) and *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to these factors, withdrawal of attorney is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). *See* E.D. Cal. L.R. 182(d). Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id.*

Rule of Professional Conduct 1.16 provides that an attorney shall withdraw from the representation of a client if the client discharges the lawyer. Cal. R. Prof. Conduct 1.16(a)(4). Rule 1.16 also provides several grounds upon which an attorney may seek to withdraw, including when "the client knowingly* and freely assents to termination of the representation." Cal. R. Prof.

Conduct 1.16(b)(6).[4]  However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

As an initial matter, Attorney Beldner has complied with Local Rule 182.  Her declaration submitted in support of the motion to withdraw indicates that Trustee Miller is aware of the motion to withdraw, as the joint Stipulation between Trustee Miller and McGuireWoods directs McGuireWoods to file a motion to withdraw as counsel for Defendant in the instant action. (Doc. 16 at 10–11.)  Attorney Beldner's declaration also provides a mailing address for Defendant and states that the motion to withdraw was served on Trustee Miller via mail and email to Trustee Miller's counsel in the bankruptcy proceedings. (*Id.* at 11.)

Turning to the reasons for withdrawal, Attorney Beldner moves to withdraw as counsel for Defendant, a corporate entity, on both mandatory and permissive grounds.  First, Attorney Beldner asserts that withdrawal is mandatory because Trustee Miller "will not engage, nor does he intend to engage, McGuireWoods as counsel" for Defendant in the instant action. (Doc. 16 at 8; *see* Bankr. Doc. 571 at 4.)  As the appointed Chapter 7 trustee, Trustee Miller has control over Defendant's representation.  *See In re Jaeger*, 213 B.R. 578, 592 (Bankr. C.D. Cal. 1997) ("In bankruptcy the rights of a corporation with respect to its present or former counsel are controlled by the trustee . . . .") (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351–52 (1985)).  In view of Trustee Miller's explicit statement that he will not engage McGuireWoods as counsel in the instant action, Trustee Miller has effectively discharged McGuireWoods as Defendant's counsel.  Thus, the Court concludes that withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4).  Attorney Beldner's motion to withdraw also satisfies the requirements for permissive withdrawal pursuant to Rule of Professional Conduct 1.16(b)(6), as the Stipulation demonstrates that Trustee Miller, on behalf of Defendant, knowingly and freely assents to termination of the

---

[4] An asterisk (*) identifies a word or phrase defined in Rule of Professional Conduct 1.0.1, the terminology rule. Cal. R. Prof. Conduct 1.16 n.1.  Rule 1.0.1 defines "knowingly" as "actual knowledge of the fact in question," and "knowledge may be inferred from circumstances."  Cal. R. Prof. Conduct 1.0.1(f).

representation.  (*See* Doc. 16 at 16–17; Bankr. Doc. 571 at 4–5.)

Considering the remaining factors, the Court finds that the circumstances of Defendant's Chapter 7 bankruptcy weigh in favor of granting counsel leave to withdraw.

With regard to prejudice to Plaintiffs, the Court notes that Plaintiffs have neither opposed the motion to withdraw, nor asserted that they will suffer any prejudice from the Court's granting of the pending motion. (*See* Docket.)  Moreover, in bankruptcy proceedings under Chapter 7, courts may not grant a discharge of debts to a debtor that is not an individual.  11 U.S.C. § 727(a)(1); *N.L.R.B. v. Better Bldg. Supply Corp.*, 837 F.2d 377, 378 (9th Cir. 1988) ("Partnerships and corporations may not discharge their debts in a liquidation proceeding under Chapter 7 of the Code.").  "The consequence of denying discharge to corporations and partnerships in a Chapter 7 proceeding is to render such entities 'defunct.'" *Matter of Liberty Tr. Co.*, 130 B.R. 467, 471 (W.D. Tex. 1991); *see also Thacker v. Fed. Commc'ns Comm'n*, No. AP 03-04274-PBS, 2005 WL 8161960, at *4 (W.D. Wash. June 24, 2005) (collecting cases), *aff'd sub nom. In re Magnacom Wireless, LLC*, 503 F.3d 984 (9th Cir. 2007); *In re Tri-R Builders, Inc.*, 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986) ("The filing of a chapter 7 [bankruptcy petition] creates a defunct corporation.").

Because Defendant is a corporation undergoing Chapter 7 bankruptcy, it is now effectively a defunct entity, meaning that "the corporation ceases to operate or own any assets," though it might technically continue to exist by virtue of its certificate of incorporation. *In re Tri-R Builders*, 86 B.R. at 141.  In the motion to withdraw, Attorney Beldner represents that Plaintiffs did not seek relief from the automatic stay from the Bankruptcy Court , *see* 11 U.S.C. § 362(d)(1), to continue prosecuting the instant action but instead submitted individual proofs of claim. (*See* Doc. 16 at 8–9.)  Accordingly, the Court finds that Plaintiffs will suffer no more prejudice in prosecuting their case against Defendant without counsel than if Defendant remained represented, as Defendant will not be able to satisfy any judgment that might be rendered against it in this action in either circumstance. *See Thacker v. AT&T Corp.*, No. 2:20-CV-00255-KJM-CKD-PS, 2020 WL 6261626, at *3 (E.D. Cal. Oct. 23, 2020) (applying same reasoning in granting a motion to withdraw as counsel to a corporate defendant undergoing Chapter 7 bankruptcy proceedings).  The absence of prejudice to Plaintiffs thus weighs in favor of granting the motion.

Generally, there is a high risk of prejudice to corporate defendants whose counsel seek to withdraw, leaving the corporation unrepresented, because "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). *See also* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."). An unrepresented corporation is thus subject to the entry of default and default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007). The risk of prejudice, however, does not exist because even if Plaintiffs were to eventually obtain default judgment against Defendant, Defendant will be no worse off given that, due to its Chapter 7 liquidation, it will have no remaining assets with which to satisfy such default judgment. The Court is also persuaded that there would be no prejudice to Defendant given that Trustee Miller, as Defendant's representative, explicitly agreed to the withdrawal of counsel.[5] (*See* Doc. 16 at 16–17; Bankr. Doc. 571 at 4–5.) Therefore, granting the motion to withdraw will not harm the administration of justice.

Fourth and finally, granting withdrawal will not cause any greater delay to this case, which has been stayed for over two years and eight months—and remains stayed—due to Defendant's ongoing bankruptcy proceedings. (*See* Docket.)

Based on the foregoing, consideration of the relevant factors weighs in favor of granting the motion to withdraw, and the Court will grant the pending motion. Defendant is reminded, as mentioned above, that "[a] corporation or other entity may appear only by an attorney." E.D. Cal. L.R. 183(a). Accordingly, Defendant shall obtain counsel within 21 days of the date of this order. Furthermore, within 90 days of the date of this order, and every 90 days thereafter, the parties shall file a status report advising the Court of the status of the bankruptcy proceedings and how the parties intend to proceed with the instant action.

### III.   CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion to withdraw (Doc. 16) is GRANTED;

2. The Clerk of Court is ORDERED to RELIEVE Sabrina A. Beldner of

---

[5] It appears that Trustee Miller has retained other counsel in the bankruptcy case. (*See* Doc. 16 at 2; Bankr. Doc. 405.)

7

McGuireWoods LLP as counsel for Defendant;

3. Attorney Beldner SHALL serve a copy of this order on Defendant and SHALL inform Defendant that she and McGuireWoods have withdrawn. Within two (2) days of the date of the order, Attorney Beldner SHALL file a declaration indicating proof of service;

4. The Clerk SHALL UPDATE THE DOCKET to reflect Defendant's current address of 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103-2110;

5. Defendant SHALL, **within 21 days of the date of this order**, retain counsel and make an appropriate filing with the Court. **Defendant is advised that failure to obtain counsel may result in the imposition of sanctions including, but not limited to, entry of default and default judgment**; and

6. **Within 90 days of the date of this order, and every 90 days thereafter**, the parties SHALL file a joint status report advising the Court of the status of the bankruptcy proceedings and how the parties intend to proceed with the instant action.

IT IS SO ORDERED.

Dated:   **November 15, 2021**              /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE